

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-17-00002-CR &
06-17-00024-CR

MICHAEL DEAN, Appellant

V.

THE STATE OF TEXAS, Appellee

JAMES DAVID HAYNES, JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court Nos. 15F0673-005 & 14F0359-005

Per Curiam

O R D E R

Court reporter Leslie Bates recorded the trial court proceedings in appellate cause number 06-17-00002-CR, styled *Michael Dean v. The State of Texas*, and in appellate cause number 06-17-00024-CR, styled *James David Haynes, Jr. v. The State of Texas*. The reporter's record in each of these matters was originally due March 3, 2017. When the records were not filed by March 3, our clerk's office attempted to contact Bates via email on March 7 and then by telephone on March 9. On March 10, Bates contacted our clerk's office and advised that motions for extensions of time would be forthcoming in each case, and those motions were filed March 13. Bates sought and was granted a thirty-day extension in each case, making the records due April 3, 2107. When neither record was received on April 3, our clerk's office again contacted Bates via email to inquire about the whereabouts of the records. Bates has not responded to that email and has not filed the records, though she did file, on April 11, motions to extend the filing deadlines in both cases.

As we have stated before, the Texas Rules of Appellate Procedure establish that "trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed." TEX. R. APP. P. 35.3(c). While we recognize that circumstances can and will, from time-to-time, prevent a court reporter from meeting an appellate filing deadline, we also note that when such circumstances arise, it is critical for the court reporter to communicate with this Court to assist us in satisfying our responsibilities established by the Rules. Bates, who has a history of requiring numerous extensions of time, has failed to adequately communicate with the Court in these matters and has disregarded the filing deadlines established by the Rules and this Court. Under the authority of Rule 35.3(c), which allows an appellate court to "enter any order necessary to ensure

the timely filing of the appellate record," we find we must take steps to ensure that the records in these cases are filed in a reasonable amount of time. *Id.*

We, therefore, overrule Bates' motions for extensions of time in both cases. Further, we order Bates to file the reporter's records in appellate cause number 06-17-00002-CR, styled *Michael Dean v. The State of Texas*, and in appellate cause number 06-17-00024-CR, styled *James David Haynes, Jr. v. The State of Texas*, to be received by this Court no later than the close of business on Wednesday, May 3, 2017. At the close of business on May 3, Bates will have had 120 days to complete the appellate record in each case, which is more than adequate and abundantly fair.

If the reporter's records are not received on or before May 3, we warn Bates that we may begin contempt proceedings and order her to show cause why she should not be held in contempt of this Court for failing to obey its order.

IT IS SO ORDERED.

BY THE COURT

Date: April 11, 2017

3